UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MATTHEW ALAN SCHROCK, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-00576-JMS-DML |
| ) | |
| WEXFORD OF INDIANA, LLC, et al. ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Matthew Alan Schrock, Jr., filed this action on February 20, 2020, contending that his civil rights were violated while he was incarcerated in the Indiana Department of Correction ("IDOC"). Mr. Schrock claims that the defendants were deliberately indifferent to his mental health needs. He also alleges that defendant Wexford of Indiana, LLC (Wexford) violated Title III of the Americans with Disabilities Act. The defendants moved for summary judgment arguing that Mr. Schrock failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), before filing this lawsuit. Dkt. 34; dkt. 45. Mr. Schrock responded to the motion brought by Wexford, Perry, and Levine (medical defendants), and the medical defendants replied. Dkt. 39; dkt. 42. Mr. Schrock did not respond to the motion brought by the remaining defendants and the time to do so has passed. The motions are now ripe for ruling.

**I. Summary Judgment Standard**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty*

1

*Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 550 U.S. 372, 380 (2007). The court views the facts in the light most favorable to the non-moving party, and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

On a motion for summary judgment, "[t]he applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). The substantive law applicable to this motion for summary judgment is the PLRA, which requires that a prisoner exhaust available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532 (citation omitted).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). "In order to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson,* 362 F.3d 395, 397 (7th Cir. 2004).

An inmate may not satisfy the PLRA's exhaustion requirement by exhausting administrative remedies *after* filing suit. *See id.* ("Ford's real problem . . . is timing. Section 1997e(a) says that exhaustion must precede litigation. 'No action shall be brought' until exhaustion has been completed. . . . And these rules routinely are enforced . . . by dismissing a suit that begins too soon, even if the plaintiff exhausts his administrative remedies while the litigation is pending . . . .") (internal citations omitted).

As the movant, the defendants bear the burden of establishing that the administrative remedies upon which they rely were available to the plaintiff. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it."). "[T]he ordinary meaning of the word 'available' is 'capable of use for the accomplishment of a purpose,' and that which 'is accessible or may be obtained.'" *Ross v. Blake,* 136 S. Ct. 1850, 1858 (2016) (internal quotation omitted). "[A]n inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." *Id.* at 1859 (internal quotation omitted).

## II. Facts

At all times relevant to his complaint, Mr. Schrock was confined by the IDOC at Pendleton Correctional Facility. The IDOC has a grievance process which is intended to permit inmates to resolve concerns and complaints relating to their conditions of confinement prior to filing suit in court. Dkt. 36-1 at 9. The grievance process consists of four steps. First, an inmate must attempt to resolve the issue informally. *Id*. at 16-17. If informal attempts to resolve an inmate's concern fail, he must file a formal grievance within ten business days from the date of the incident. *Id*. at 17. This is the second step of the grievance process. Third, if the inmate is not satisfied with the

response to the formal grievance, he may submit an appeal to the warden. Finally, if the inmate is not satisfied with the response from the warden or the warden's designee, he may file an appeal to the IDOC grievance manager. *Id*. at 20. Exhaustion of the grievance procedure requires pursuing a grievance to the final step.

If an inmate does not receive either a receipt or a rejection form from the grievance specialist within 5 business days of submitting a formal grievance, the grievance policy requires the inmate to notify the grievance Specialist of that fact and retain a copy of the notice. *Id* at 17. Finally, if the inmate receives no response to either a formal grievance or a first-level appeal within the timeframes set forth in the policy, he is required to move to the next step of the process as if the previous step had been denied. *Id*. at 19-20.

IDOC's grievance records for Mr. Schrock reflect that he did not file any grievances in 2018.[1] *Id*. at 24. Mr. Schrock filed an affidavit stating that he submitted an informal and formal grievance to appropriate prison personnel. Dkt. 39-1 at 6. He has also filed copies of the informal and formal grievance he submitted to prison personnel. *Id*. at 21-22.

### III. Discussion

The defendants argue that Mr. Schrock failed to exhaust his available administrative remedies as required by the PLRA with respect to his claims against them. Mr. Schrock contends that the administrative remedies were unavailable to him because the forms he submitted were never processed by prison staff.

---

[1] In his response to the medical defendants' motion for summary judgment, Mr. Schrock contends that the affidavit of grievance specialist Christina Conyers is improper because it was not notarized or witnessed by two people. Dkt. 39 at 4. The medical defendants noted in their reply that Ms. Conyers' affidavit was submitted under the penalties of perjury pursuant to 28 U.S.C. §1746. Thus, there is nothing improper about the affidavit and Mr. Schrock is not entitled to sanctions.

Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies. *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006). The PLRA's exhaustion requirement is not subject to either waiver by a court or futility or inadequacy exceptions. *Booth v. Churner,* 532 U.S. 731, 741, n.6 (2001); *McCarthy v. Madigan,* 503 U.S. 140, 112 S. Ct. 1081 (1992) ("Where Congress specifically mandates, exhaustion is required."). However, inmates are not required to exhaust an administrative procedure that is unavailable because "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross*, 136 S. Ct. at 1860.

Mr. Schrock essentially argues that the administrative process was unavailable to him because his grievance forms were not processed after he submitted them.[2] But Mr. Schrock did not complete the grievance process that was available to him.[3] He did not notify the grievance specialist or file an appeal when he did not receive a response to his formal grievance. The grievance policy required him to take these actions to exhaust his claims. Mr. Schrock does not contend that he completed these steps and there is no evidence in the record that he did. There is also no contention or evidence that he could not notify the grievance specialist or submit an appeal.

Therefore, Mr. Schrock has failed to demonstrate that exhausted the administrative

---

[2] The medical defendants contend that the Court must disregard certain paragraphs of Mr. Schrock's affidavit because they are not based on his personal knowledge. For example, the medical defendants point out that Mr. Schrock has no personal knowledge of what prison personnel did with the grievance forms Mr. Schrock submitted. But that is irrelevant at this stage. Mr. Schrock attests in his affidavit that he submitted the informal and formal grievance forms to appropriate prison personnel. The Court accepts this testimony as true for purposes of deciding the motions for summary judgment.

[3] Mr. Schrock also argues that he submitted letters and healthcare request forms and engaged in a hunger strike to inform the defendants of his lack of appropriate mental health treatment, but these actions are not part of the grievance process and therefore are not considered by the Court when determining whether Mr. Schrock exhausted available administrative remedies.

remedy process available to him. Although he was not receiving responses, and it appears that his grievance forms were in fact not being processed, the grievance policy required that he continue on to the next step of the process when he did not receive a response. Even if submitting an appeal would have been futile, the exhaustion requirement is not subject to a futility exception. *Booth,* 532 U.S. at 741, n.6; *McCarthy,* 503 U.S. 140.

It is undisputed that Mr. Schrock failed to exhaust his available administrative remedies as required by the PLRA before filing this lawsuit. The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that this action should not have been brought and must now be dismissed without prejudice. *See Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) (holding that "*all* dismissals under § 1997e(a) should be without prejudice.").

### IV. Conclusion

The defendants' motions for summary judgment, dkt. [34] and dkt. [45], are **granted**. Final judgment in accordance with this Order shall issue at this time.

**IT IS SO ORDERED.**

Date: 12/3/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

MATTHEW ALAN SCHROCK, JR.
149622
NEW CASTLE – CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

J. Derek Atwood
INDIANA ATTORNEY GENERAL
derek.atwood@atg.in.gov

Heather Terese Gilbert
CASSIDAY SCHADE LLP
hgilbert@cassiday.com

Brandon Alan Skates
INDIANA ATTORNEY GENERAL
brandon.skates@atg.in.gov

Emily Kathleen VanTyle
CASSIDAY SCHADE LLP
evantyle@cassiday.com